# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

TIMOTHY ALLEN LITERAL,

    Petitioner,

    -vs-

Warden, Lebanon Correctional Institution,

    Respondent.

: Case No. 1:11-cv-094

: District Judge William O. Bertelsman
  Magistrate Judge Michael R. Merz

:

## REPORT AND RECOMMENDATIONS; ORDER DENYING MOTIONS FOR DISCOVERY AND EVIDENTIARY HEARING

This habeas corpus case was brought *pro se* by Petitioner Timothy Literal under 28 U.S.C. § 2254 to obtain relief from his conviction in the Scioto County Common Pleas Court on multiple drug and theft counts relating to his robbery of a CVS store. The case is before the Court on Respondent's Motion to Dismiss the case as barred by the one-year statute of limitation in 28 U.S.C. § 2244 (Doc. No. 18). That Motion was filed and served August 16, 2011. When Judge Bowman issued the Order for Answer in this case, she advised Petitioner that he would be obliged to respond to any motion to dismiss within twenty-one days after it was filed, but no response has been filed by Petitioner and the time for responding has long since expired.

Respondent analyzes the two possible options for calculating when the statute of limitation expires depending upon how one counts the time consumed by various events in the state courts. In the end, however, Respondent demonstrates that the time has expired regardless of which method is used. Under those circumstances, attempting to determine which method is correct is

unnecessary. Because Petitioner failed to file this case within the time allowed by the statute of limitation, it should be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, this Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and should deny Petitioner a certificate of appealability.

Petitioner's two pending motions, for evidentiary hearing (Doc. No. 11) and for discovery (Doc. No. 12), are denied as moot.

December 13, 2011.

s/ **Michael R. Merz**
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).

J:\Documents\Literal Habeas R&R.wpd